FILED
SUPERIOR COURT
OF GUAM

2021 APR 26 PM 1: 27

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BANK OF GUAM, | CIVIL CASE NO. CV0623-20 |
| Plaintiff, | |
| vs. | DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ANTHONY JOHN SANTOS DIAZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Plaintiff's Motion for Summary Judgment (the "Motion")filed on December 30, 2020. Attorney Mark S. Beggs represents Plaintiff Bank of Guam ("Plaintiff"), and Attorney Vanessa L. Williams represents Defendant Anthony John Santos Diaz ("Defendant"). The Court took the matter under advisement, without oral argument, pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.[1] This Decision and Order now follows GRANTING Plaintiff's Motion for Summary Judgment.

//

//

---

[1] Oral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of Civil procedure. Guam Super. Ct. CVR 7.1(e)(1).

*Bank of Guam v. Diaz, CV0623-20*
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 1 of 7*

# BACKGROUND

It is undisputed that Defendant maintains a Visa Charge Account ("Account") governed by a Cardholder Agreement ("Agreement") which allows Plaintiff to charge interest at a rate of 16% per annum on any unpaid and overdue balance. Compl. at ¶¶ 3–4 (July 22, 2020); Answer at ¶¶ 2, 4 (Nov. 9, 2020); Decl. in Support of Mot. Summ. J. ("Decl.") at ¶ 5 (Dec. 30, 2020). Plaintiff asserts that Defendant defaulted under the Agreement and owes Plaintiff: (1) the principal balance of $20,704.15; (2) accrued interest at the rate of 16% per annum; and (3) reasonable attorney fees. Compl. at ¶¶ 3-5; Decl. at ¶¶ 5-6. While Defendant claims he is without sufficient knowledge as to principal balance of $20,704.15 and reasonable attorney fees, he provides no alternative calculations or other evidence to challenge Plaintiff's assertion. Answer at ¶¶ 3, 5. The Defendant's Opposition to the Motion was due did not file any Opposition or any other responsive brief to Plaintiff's Motion for Summary Judgment.

# DISCUSSION

## A. Effect of Non-opposition in Motions for Summary Judgement

Even if Defendant did not file an opposition to Plaintiff's Motion for Summary Judgment, the Court must still consider the merits of the motion before it. *Quitugua v. Flores*, 2004 Guam 19 ¶ 27. "The failure to write an opposition to a motion, the filing of a notice of non-opposition to a motion, or the disregard of untimely filed papers, does not require the court to automatically grant the motion and is not dispositive of the motion itself." *Id.* at ¶ 28.

## B. Summary Judgment Standard

Under Rule 56(c) of the Guam Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is

*Bank of Guam v. Diaz, CV0623-20*
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 2 of 7*

entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c); *see also Bank of Guam v. Flores,* 2004 Guam 25 ¶ 8; *Gayle v. Hemlani,* 2000 Guam 25 ¶ 20.

If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong,* 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores,* 2004 Guam 25 ¶ 7.

If the moving party demonstrates that there are no genuine issues of material fact, the non-movant cannot merely rely on the allegations contained in the pleading and must produce some significant probative evidence to support the pleading. *Bank of Guam v. Flores,* 2004 Guam 25, ¶ 7 (*citing Edwards v. Pacific Financial Corporation,* 2000 Guam 27 ¶ 7.) The court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id.* The Supreme Court of Guam has held that a defending moving party may satisfy its moving burden "by showing there is an absence of evidence" to support a claim. *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation,* 2012 Guam 2 ¶ 7. It may also satisfy its burden by "producing evidence negating an essential element" or claim. *Id.*

Although the Guam Rules of Civil Procedure allow that "[a] party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary

*Bank of Guam v. Diaz, CV0623-20*
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 3 of 7*

dismissal is sought and applying and analyzing them under the appropriate standard. *Guam R. Civ. P.* 56(b); *Guam Sanko Transportation, Inc. v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7.

"Generally, in a contract dispute, a motion for summary judgement may be granted only where the agreement's language is unambiguous and conveys a definite meaning." *Edwards*, 2000 Guam 27 ¶ 9; *See also John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994). Contract language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.* 22 F.3d 458, 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (quoting 18 GCA § 87102). The Court now addresses the merits of the instant motion.

## C. Principal Balance

First, Plaintiff asserts that Defendant owes Plaintiff the principal balance of $20,704.15. Compl. at ¶ 3. To support its assertion, Plaintiff submits Assistant Loan Adjustment Manager Christopher Adawag's ("Adawag") declaration. In his declaration, Adawag asserts that "Defendant has defaulted in the payments due on the Account and as of December 23, 2020 owes [Plaintiff] the principal balance of $20,704.15...." Decl. at ¶ 5. While Defendant admits that he failed to make payments as required by the Agreement, he claims he is without sufficient knowledge as to the principal balance owed. Answer at ¶ 3. However, Defendant provides no alternative calculation or other evidence to dispute Plaintiff's assertion, nor did he

*Bank of Guam v. Diaz, CV0623-20*
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 4 of 7*

file an opposition before January 27, 2021.[2] Accordingly, the Court finds no issue of material fact as to Defendant's obligation to pay Plaintiff the principal balance of $20,704.15.

**D. Accrued Interest**

As to the accrued interest, the Court turns to the plain language of the Agreement. The Agreement's "Promise to Pay" provision provides that "[Defendant] promise[s] to pay ... the total of any interest charge ... due on the account." Compl. (Agreement Attached, ¶ 2). Adawag's declaration establishes that Defendant owes the accrued interest of $2,150.96.[3] Decl. at ¶ 5. Defendant provides no evidence challenging the calculation. The Court finds no issue of material fact as to Defendant's obligation to pay Plaintiff the accrued interest of $2,150.96.

**E. Additional Interest**

Regarding the additional interest which continues to accrue, Adawag's declaration states that Defendant owes Plaintiff interest at the rate of 16% per annum from December 23, 2020, to the present. Decl. at ¶ 5. Moreover, Defendant admits that he failed to make required payments and that the Agreement allows Plaintiff to charge interest at the rate of 16% per annum on any unpaid and overdue balance. Answer at ¶¶ 3–4. The Court is satisfied that no issue of material fact exists as to Defendant's obligation to pay the additional interest at a rate of 16% per annum from December 23, 2020.

---

[2] Defendant's Opposition was due on January 19, 2021. Nothing was filed by Defendant. The Court took the matter under advisement on February 12, 2021.

[3] The Court notes the amount in the accrued interest indicated in the Complaint and the Declaration differ. The Complaint indicates the accrued interest owed is $617.15. The Declaration indicates the accrued interest owed is $2,150.95. Pursuant to GRCP 56, the Court will not rely on the pleadings filed and will rely on the Declaration as probative evidence supporting the pleading.

*Bank of Guam v. Diaz,* CV0623-20
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 5 of 7*

**F. Award for Attorney's Costs and Fees**

Generally, Guam courts follow the "American rule" when awarding attorney's fees. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. Under the American rule, parties are expected to bear their own litigation expenses, including attorney's fees. *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Exceptions to the American rule include attorney fees that are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially established equitable circumstances. *Id.* (citing *Young v. Redman*, 128 Cal. Rptr. 86, 91 (Ct. App. 1976)).

Here, the Agreement's "Promise to Pay" provision provides that "[Defendant] promise[s] to pay all costs and expenses, including reasonable attorney's fees that [Plaintiff] incur[s] in enforcing this agreement." Compl. (Agreement Attached, ¶ 2). Further, Adawag's declaration indicates that Defendant agreed to pay Plaintiff's reasonable attorney fees of $3,198.20, which does not exceed 15% of the unpaid balance. *Decl.* at ¶ 6. While Defendant denies his obligation to pay Plaintiff's reasonable attorney fees, he provides no alternative evidence to support his assertion. The Court finds no issues of material fact as to Defendant's obligation to pay Plaintiff's reasonable attorney fees of $3,198.20.

//

//

//

//

//

//

**[DECISION AND ORDER CONTINUED ON NEXT PAGE].**

*Bank of Guam v. Diaz*, CV0623-20
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 6 of 7*

## CONCLUSION AND ORDERS

For the above reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment. The Court hereby **ORDERS** Plaintiff's counsel to file the following within twenty (20) days of the issuance of this Decision and Order: (1) a proposed Judgment consistent with the Court's rulings and (2) a Bill or Cost and itemized statements.

There shall be no further proceedings in this case.

**SO ORDERED**, this ___APR 2 6 2021___.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_Beabs_
_V.Williams_
Date:_____ Time:_4/26/21_
_____
Deputy Clerk, Superior Court of Guam

*Bank of Guam v. Diaz, CV0623-20*
*Decision & Order Granting Pl's Mot. for Summary Judgment*
*Page 7 of 7*